225 A.2d 664.

JOHN DEVLIN *et ux. vs.* ALICE G. BROWN,
*Administratrix, et al.*

JANUARY 19, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This is a bill in equity for specific performance of an agreement to convey certain real estate entered into between the plaintiffs and the defendant Alice G. Brown as administratrix of the estate of Mary E. Coffill. The cause was heard by a justice of the superior court on the motion of the defendant administratrix for

judgment on the pleadings. The motion was thereafter granted, the bill of complaint was denied and dismissed, and judgment entered for the defendant administratrix. From that judgment the plaintiffs have prosecuted an appeal to this court.

It is not disputed that defendant Alice G. Brown is the duly appointed and qualified administratrix of the estate of Mary E. Coffill. Neither is it disputed that in March 1965 defendant Robert C. Hogan, Esquire, acting as attorney for the administratrix, offered to sell to plaintiffs the real estate here under consideration for the sum of $9,000. The offer was accepted by plaintiffs, which offer was confirmed by Mr. Hogan in a letter dated March 25, 1965. The plaintiffs now contend that although they stand ready to pay the purchase price, defendant administratrix refuses to convey the subject real estate. It is conceded that at no time has the probate court of the city of Warwick authorized defendant administratrix to sell or otherwise dispose of this particular real estate.

In denying and dismissing the bill, the trial justice directed attention to G. L. 1956, §33-12-8, which provides as follows: "Any sale of the assets of an estate by the executor or administrator shall be made at public auction, after reasonable notice of such sale, or by private sale under the advice and direction of the probate court, provided that such advice and direction shall not be required in the case of a sale at private sale by an executor or administrator with the will annexed in the exercise of a power to sell at private sale conferred on him by the will. A private sale, unless authorized by the probate court or by the will, or a sale by auction improperly made *shall be deemed maladministration.*" (italics ours)

It is clear then that a conveyance of the property in the instant circumstances would be violative of the terms of the above-quoted statute and that were the court to exercise its coercive power and order conveyance under this

bill, it would compel defendant administratrix to engage in an act of maladministration.

It is generally held that courts of equity will deny specific performance of an agreement tainted by illegality or where it appears that the enforcement of such agreement would be violative of some statutory provision. In *Allen* v. *Simons,* Fed. Cas. No. 237, 1 Curt. 122, specific performance was sought of an agreement between the children of a decedent that no administration of the estate be undertaken and that the rights of creditors be wholly disregarded. The court held that the agreement was not enforceable in equity, saying with reference to the agreement at page 127: "It is not based on any equitable right of the parties; it is a violation of the common law; it tends to defraud creditors; it is plainly forbidden by public policy; and is inconsistent with that system of statute law providing for the just and orderly settlement of intestate estates, which has been enacted by the legislature." See also *Volney* v. *Nixon,* 68 N. J. Eq. 605.

Because it is settled that petitions for specific performance are addressed to the sound judicial discretion of the chancellor, we concur in the view stated above and particularly as stated in *Allen* v. *Simons, supra.* We hold, therefore, that the discretion of the chancellor is not abused by the withholding of specific performance with respect to a contract where the granting of such specific performance would result in the performance of an illegal act or the violation of a statute. There was, therefore, no error in the decision of the trial justice granting the motion for entry of judgment.

The plaintiffs' appeal is denied and dismissed, the judg-

ment appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*William F. Reilly,* for plaintiffs.

*Hinckley, Allen, Salisbury & Parsons, Jacques V. Hopkins,* for administratrix.